# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                              Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

May 6, 2021

**<u>VIA ECF</u>**

Honorable Jesse M. Furman
United States District Judge
40 Foley Square
New York, NY 10007

Re:  <u>Perez Molina et al v. Skyline Restoration Inc. et al</u>
          21-cv-00647-JMF

Your Honor:

This office represents Plaintiffs in the above referenced matter.  The parties have agreed to a settlement ("Agreement").  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## <u>BACKGROUND</u>

Plaintiffs filed their Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).   Defendants denied and continue to deny the allegations as asserted in the Complaint. Specifically, Defendants contend that they were not Plaintiffs' employer as defined by the FLSA or NYLL.

*Certified as a minority-owned business in the State of New York*

## SETTLEMENT TERMS

Plaintiffs allege they would be entitled to back wages of approximately $17,933.30 and a total of approximately $80,298.30 including liquidated damages, interest, spread of hours, wage notice violations and wage statement violation claims as their best case scenario. However, Defendants contend, that as the construction site general contractor, they were not Plaintiffs' employers; specifically, did not hire or fire Plaintiffs, did not schedule their work, and did not pay them wages. Accordingly, Defendants contend that it was the subcontractors who, *inter alia*, hired Plaintiffs' and paid their wages.

Thus, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle the claims for the sum of $20,000. A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Due to the legal dispute, Plaintiffs believe the settlement is reasonable because of the risk that they may not prevail on their claims against Defendants.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $7,309.33 which consists of 1) $964 in costs[1] subtracted from the $20,000 settlement then divided by 3 which equals $6,345.33 as attorney fees and 2) $964 costs plus $6,345.33 which equals $7,309.33 as attorney fees and costs.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $4,770 in attorneys' fees, making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

     i.    Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

     ii.    Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[2]

---

[1] not including process server fees expanded on serving the non-appearing Defendants
[2] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy


Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
<u>**SOUTHERN  DISTRICT OF NEW YORK**</u>

| | |
|---|---|
| DONAL MAGALIEL PEREZ MOLINA, FELIPE FLORES NICOLAS, JESUS ORELLANA, JULIO PENARANDA ASTUDILLO, MARCO ANTONIO SALVADOR BERNARDINO, and SEGUNDO CARLOS PALA YUICELA, *individually and on behalf of others similarly situated,* | **21-cv-00647-JMF** |
| Plaintiff*s*, | **SETTLEMENT AGREEMENT AND** <br> <u>**RELEASE**</u> |
| -against- | |
| SKYLINE RESTORATION INC.  (D/B/A SKYLINE RESTORATION), JOHN KALAFATIS, VASILIOS PIERRAKEAS, RONALD DUARTE, and ERIC DOE, | |
| *Defendants.* | |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Donal Magaliel Perez Molina, Felipe Flores Nicolas, Jesus Orellana, Julio Penaranda Astudillo, Marco Antonio Salvador Bernardino, and, Segundo Carlos Pala Yuicela ("Plaintiffs") on the one hand, Skyline Restoration Inc. (d/b/a Skyline Restoration), ("Defendant Corporation"), John Kalafatis, and Vasilios Pierrakeas, ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 21-cv-00647-JMF (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>:     Defendants shall pay or cause to be paid to Plaintiffs and their counsel, subject

to the terms and conditions of this Agreement, the gross sum of Twenty Thousand Dollars and No Cents ($**20,000.00**) (the "Settlement Amount") to Michael Faillace & Associates, within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, to be paid by Michael Faillace & Associates to the Plaintiffs as follows:

| | |
|---|---|
| DONAL MAGALIEL PEREZ MOLINA | $3,383.90 |
| FELIPE FLORES NICOLAS | $1,519.28 |
| JESUS ORELLANA | $1,914.65 |
| JULIO PENARANDA ASTUDILLO | $1,834.55 |
| MARCO ANTONIO SALVADOR BERNARDINO | $2,295.27 |
| SEGUNDO CARLOS PALA YUICELA | $1,742.98 |
| Michael Faillace & Associates, Attorneys' Fees and Costs | $7,309.33 |

The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

2.    <u>Release and Covenant Not To Sue</u>:    Plaintiffs hereby irrevocably and unconditionally release from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLLL wage and hour known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs that have occurred as of the Effective Date of this Agreement.

3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5.    <u>Acknowledgments:</u>    Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    <u>Notices</u>:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants Skyline Restoration Inc.  (d/b/a Skyline Restoration),
John Kalafatis and Vasilios Pierrakeas:

Michael H. Maizes,Esq.
Maizes & Maizes, LLP
2027 Williamsbridge Road-2nd Fl
Bronx, NY 10461
Tel: (718)-823-4000
Fax: (914)-992-7853
Email: michael@maizes.law

7.    <u>Governing Law</u>:    This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.     Release Notification: Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.     Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____          Date: _____
        DONAL MAGALIEL PEREZ MOLINA

By: _____          Date: _____
        FELIPE FLORES NICOLAS

By: _____          Date: _____
        JESUS ORELLANA

By: _____          Date: _____
        JULIO PENARANDA ASTUDILLO

By: _____          Date: _____
        MARCO ANTONIO SALVADOR BERNARDINO

By: _____          Date: _____
        SEGUNDO CARLOS PALA YUICELA

DEFENDANTS:

By: _____          Date: _5/6/2021_____
    SKYLINE RESTORATION INC.

By: _____          Date: _5/6/2021_____
    JOHN KALAFATIS

By: _____*Vasilios Pierrakeas*_____          Date: _5/6/2021_____
    VASILIOS PIERRAKEAS

9.    Release Notification: Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.


PLAINTIFFS:


By: _____          Date: _____
    DONAL MAGALIEL PEREZ MOLINA


By: _____          Date: _____
    FELIPE FLORES NICOLAS


By: _____          Date: _____
    JESUS ORELLANA


By: _____          Date: _____
    JULIO PENARANDA ASTUDILLO


By: _____          Date: __4/23/21__
    MARCO ANTONIO SALVADOR BERNARDINO


By: _____          Date: _____
    SEGUNDO CARLOS PALA YUICELA


DEFENDANTS:

9.      Release Notification: Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.     Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____          Date: _____
    DONAL MAGALIEL PEREZ MOLINA

_____               Date: _____
    FELIPE FLORES NICOLAS

By: _____          Date: _____
    JESUS ORELLANA

By: _____          Date: _____
    JULIO PENARANDA ASTUDILLO

By: _____          Date: _____
    MARCO ANTONIO SALVADOR BERNARDINO

By: _____          Date: _____
    SEGUNDO CARLOS PALA YUICELA

DEFENDANTS:

9.    Release Notification: Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

DONAL MAGALIEL PEREZ MOLINA

Date: 04-23-2021

By: _____
FELIPE FLORES NICOLAS

Date: _____

By: _____
JESUS ORELLANA

Date: _____

By: _____
JULIO PENARANDA ASTUDILLO

Date: _____

By: _____
MARCO ANTONIO SALVADOR BERNARDINO

Date: _____

By: _____
SEGUNDO CARLOS PALA YUICELA

Date: _____

DEFENDANTS:

9.    Release Notification: Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____          Date: _____
    DONAL MAGALIEL PEREZ MOLINA

By: _____          Date: _____
    FELIPE FLORES NICOLAS

By: _____          Date: _____
    JESUS ORELLANA

By: _____          Date: 4/23/21
    JULIO PENARANDA ASTUDILLO

By: _____          Date: _____
    MARCO ANTONIO SALVADOR BERNARDINO

By: _____          Date: _____
    SEGUNDO CARLOS PALA YUICELA

DEFENDANTS:

9.     Release Notification: Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.     Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____          Date: _____
       DONAL MAGALIEL PEREZ MOLINA

By: _____          Date: _____
       FELIPE FLORES NICOLAS

By: _____          Date: _____
       JESUS ORELLANA

By: _____          Date: _____
       JULIO PENARANDA ASTUDILLO

By: _____          Date: _____
       MARCO ANTONIO SALVADOR BERNARDINO

By: _____          Date: _04 23 2021
       SEGUNDO CARLOS PALA YUNCELA

DEFENDANTS:

9.  _Release Notification_: Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.  _Counterparts_: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____     Date: _____
    DONAL MAGALIEL PEREZ MOLINA

By: _____     Date: _____
    FELIPE FLORES NICOLAS

By: _____     Date: 4/23/21
    _____ ELLAN

By: _____     Date: _____
    ____O PENA_____DA AST___LLO

By: _____     Date: _____
    MARCO ANTONIO SALVADOR BERNARDINO

By: _____     Date: _____
    SEGUNDO CARLOS PALA YUICELA

DEFENDANTS:

# EXHIBIT B

Privileged Settlement Communication                                                                                                     Subject to  Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Donal Magaliel Perez Molina | 7/15/2019 | 7/21/2019 | 1 | 43.95 | 0 | $ 23.00 | $ 34.50 | $ 15.00 | $ 22.50 | $ 1,056.28 | $ 1,010.85 | $ 45.43 | $ 45.43 | $ 45.43 | $ - | $ - | $ 1,750.00 | $ 5,000.00 | $ 7.38 | $ - | $ 900.00 | $ 7,748.23 |
| | 7/22/2019 | 8/30/2019 | 6 | 43.95 | 0 | $ 23.00 | $ 34.50 | $ 15.00 | $ 22.50 | $ 1,056.28 | $ - | $ 1,056.28 | $ 6,337.65 | $ 6,337.65 | $ - | $ - | $ 1,750.00 | $ 5,000.00 | $ 993.06 | $ - | $ 900.00 | $ 13,668.38 |
| | | | | | | | | | | | | | $ 6,383.08 | $ 6,383.08 | $ - | $ - | | | | | | $ 21,416.61 |
| | | | | | | | | | | | | | | | | | | | | | | |
| Felipe Flores Nicolas | 8/8/2019 | 8/14/2019 | 1 | 43.75 | 0 | $ 22.50 | $ 33.75 | $ 15.00 | $ 22.50 | $ 1,026.56 | $ 984.38 | $ 42.19 | $ 42.19 | $ 42.19 | $ - | $ - | $ 850.00 | $ 4,250.00 | $ 6.61 | $ - | $ 600.00 | $ 5,190.98 |
| | 8/15/2019 | 8/30/2019 | 2 | 43.75 | 0 | $ 22.50 | $ 33.75 | $ 15.00 | $ 22.50 | $ 1,026.56 | $ - | $ 1,026.56 | $ 2,053.13 | $ 2,053.13 | $ - | $ - | $ 850.00 | $ 4,250.00 | $ 315.64 | $ - | $ 600.00 | $ 4,421.89 |
| | | | | | | | | | | | | | $ 2,095.31 | $ 2,095.31 | $ - | $ - | | | $ 322.25 | | | $ 9,612.87 |
| | | | | | | | | | | | | | | | | | | | | | | |
| Jesus Orellana | 7/1/2019 | 9/13/2019 | 11 | 42.1 | 0 | $ 26.00 | $ 39.00 | $ 15.00 | $ 22.50 | $ 1,121.90 | $ 1,094.60 | $ 27.30 | $ 300.30 | $ 300.30 | $ - | $ - | $ 1,650.00 | $ 5,000.00 | $ 47.31 | $ - | $ 1,030.00 | $ 7,297.91 |
| | 9/14/2019 | 9/28/2019 | 2 | 42.1 | 0 | $ 26.00 | $ 39.00 | $ 15.00 | $ 22.50 | $ 1,121.90 | $ - | $ 1,121.90 | $ 2,243.80 | $ 2,243.80 | $ - | $ - | $ 1,650.00 | $ 5,000.00 | $ 328.63 | $ - | $ 1,030.00 | $ 4,816.23 |
| | | | | | | | | | | | | | $ 2,544.10 | $ 2,544.10 | $ - | $ - | | | $ 375.95 | | | $ 12,114.15 |
| | | | | | | | | | | | | | | | | | | | | | | |
| Julio Penaranda Astudillo | 8/1/2019 | 9/16/2019 | 7 | 40 | 0 | $ 20.00 | $ 30.00 | $ 15.00 | $ 22.50 | $ 800.00 | $ 800.00 | $ - | $ - | $ - | $ - | $ - | $ 1,600.00 | $ 5,000.00 | $ - | $ - | $ 195.00 | $ 6,795.00 |
| | 9/17/2019 | 9/22/2019 | 1 | 40 | 0 | $ 20.00 | $ 30.00 | $ 15.00 | $ 22.50 | $ 800.00 | $ - | $ 800.00 | $ 800.00 | $ 800.00 | $ - | $ - | $ 1,600.00 | $ - | $ 117.47 | $ - | $ - | $ 2,517.47 |
| | 9/23/2019 | 9/27/2019 | 1 | 45 | 0 | $ 22.50 | $ 33.75 | $ 15.00 | $ 22.50 | $ 1,068.75 | $ - | $ 1,068.75 | $ 1,068.75 | $ 1,068.75 | $ - | $ - | $ 1,600.00 | $ 5,000.00 | $ 155.48 | $ - | $ - | $ 2,292.98 |
| | | | | | | | | | | | | | $ 1,868.75 | $ 2,668.75 | $ - | $ - | | | $ 272.94 | | | $ 11,605.44 |
| | | | | | | | | | | | | | | | | | | | | | | |
| Marco Antonio Salvador Bernardino | 6/1/2019 | 8/28/2019 | 13 | 43.75 | 0 | $ 17.50 | $ 26.25 | $ 15.00 | $ 22.50 | $ 798.44 | $ 765.63 | $ 32.81 | $ 426.56 | $ 426.56 | $ - | $ - | $ 3,450.00 | $ 5,000.00 | $ 69.63 | $ - | $ 840.00 | $ 9,372.75 |
| | 6/29/2019 | 9/19/2019 | 3 | 43.75 | 0 | $ 17.50 | $ 26.25 | $ 15.00 | $ 22.50 | $ 798.44 | $ - | $ 798.44 | $ 2,395.31 | $ 2,395.31 | $ - | $ - | $ 3,450.00 | $ 5,000.00 | $ 358.21 | $ - | $ 840.00 | $ 5,148.83 |
| | | | | | | | | | | | | | $ 2,821.88 | $ 2,821.88 | $ - | $ - | | | $ 427.84 | | | $ 14,521.59 |
| | | | | | | | | | | | | | | | | | | | | | | |
| Segundo Carlos Pala Yuicela | 8/4/2019 | 8/24/2019 | 3 | 44.15 | 0 | $ 22.50 | $ 33.75 | $ 15.00 | $ 22.50 | $ 1,040.06 | $ 993.38 | $ 46.69 | $ 140.06 | $ 140.06 | $ - | $ - | $ 1,250.00 | $ 5,000.00 | $ 21.83 | $ - | $ 1,099.00 | $ 8,501.95 |
| | 8/25/2019 | 9/6/2019 | 2 | 44.15 | 0 | $ 22.50 | $ 33.75 | $ 15.00 | $ 22.50 | $ 1,040.06 | $ - | $ 1,040.06 | $ 2,080.13 | $ 2,080.13 | $ - | $ - | $ 1,250.00 | $ 5,000.00 | $ 315.43 | $ - | $ 1,099.00 | $ 4,475.68 |
| | | | | | | | | | | | | | $ 2,220.19 | $ 2,220.19 | $ - | $ - | | | $ 337.26 | | | $ 11,027.63 |
| | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | **TOTAL:** | $ 17,933.30 | $ 18,733.30 | $ - | $ - | $ - | $ 10,550.00 | $ 29,250.00 | $ 2,736.70 | $ - | $ 4,664.00 | $ 80,296.30 |

1. This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2. Plaintiffs reserve the right to correct or amend this chart.
3. This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

| Filing Date | | 8/18/2016 |
|---|---|---|
| FLSA | | 8/18/2013 |
| NYLL | | 8/18/2010 |
| Amendment | | 4/9/2011 |
| Today | | 5/6/2021 |

1 of 1

# EXHIBIT C

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Donal  Perez Molina                                                          April 8, 2021

|                |              |
|----------------|--------------|
| File #:        | SkylineRest  |
| **Attention:** | Inv  #:      | 1248 |

**RE:**    Donal Magaliel Perez Molina

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jul-02-20 | Call with client regarding documents needed in preparation for litigation | 0.50 | 50.00 | PL |
| Jul-06-20 | reviewed facts of the case  with BT and provided her with guidance as to the language to use in the complaint | 0.10 | 45.00 | MF |
| Jul-22-20 | reviewed BT's email informing me that client changed his mind about joining the case;  filed email in the proper folder for futurereference | 0.20 | 90.00 | MF |
|  | email pl re: locations of worked w | 0.10 | 35.00 | GN |
|  | text and email w pl re: locations of work | 0.10 | 35.00 | GN |
|  | discuss w/ pl | 0.10 | 35.00 | GN |
| Jul-31-20 | Updated client on the status of the case | 0.20 | 90.00 | MF |
|  | telephone call w/ pl re: cl call | 0.10 | 45.00 | GN |
|  | Reviewing and updating case status | 0.10 | 12.50 | PL |
|  | spoke to client segundo but it got disconnected | 0.10 | 12.50 | PL |
| Aug-27-20 | jesus orellana called back | 0.10 | 12.50 | PL |

| Sep-14-20 | had telephone conference with client and updated him on the status of the case;  sent email to BT and GN requesting that they file the complaint | 0.20 | 90.00 | MF |
| | jesus orellana called for an update | 0.10 | 12.50 | PL |
| | wife called to let me know Plaintiff Santiago is working | 0.10 | 12.50 | PL |
| Sep-15-20 | email status w/ mf | 0.10 | 35.00 | GN |
| | telephone call w/ pl re: to do with clients who are not responsive | 0.10 | 35.00 | GN |
| | Discussed case with GN re: keep calling the clients | 0.10 | 12.50 | PL |
| Sep-16-20 | called the clients who havent answered and texted them | 0.40 | 50.00 | PL |
| | Plaintiff felipe answered my text! He said will cal tomorrow mid day | 0.10 | 12.50 | PL |
| Sep-17-20 | plaintiff felipe called and informed me worked at two locations in Manhattan and Queens | 0.10 | 12.50 | PL |
| Oct-08-20 | email pl re: asking for status | 0.10 | 35.00 | GN |
| | email w/ pl re: client job locations | 0.10 | 35.00 | GN |
| | spoke to another client and tried reaching out to the last client. Spoke to wife and left a message, emailed GN & MF. Updated notes | 0.40 | 180.00 | PL |
| Oct-16-20 | Had telephone conference with client who provided facts to help in the preparation of our letter to defendants;  discussed client's call with BT | 0.30 | 135.00 | MF |
| | segundo called and updated us with the information of the locations and other things he found. I emailed GN and MF the notes | 0.70 | 315.00 | PL |
| Oct-20-20 | plaintif felipe called to say he found the exact adress for the location worked in astoria.. Emailed GN and updated my notes | 0.20 | 90.00 | PL |
| | donald perez molina called for an update | 0.10 | 45.00 | PL |

| Date | Description | Hours | Amount | |
|---|---|---|---|---|
| Jan-21-21 | Reviewed and corrected the complaint; sent emails to BT and requested she confirm that she added the new facts clients provided us to the complaint | 1.80 | 810.00 | MF |
| Jan-25-21 | pdfd complaint and ensured the consents are attached, drafted civil cover sheet, reviewed complaint and emailed MF and texted GN | 0.60 | 270.00 | PL |
| Jan-26-21 | added it to staus and added the judge and magistrate judge's nam | 0.20 | 90.00 | PL |
| | drafted and filed  GNs NOA | 0.20 | 90.00 | PL |
| | reviewd GNs email and emailed him back re: due diligence | 0.20 | 90.00 | PL |
| Jan-28-21 | downloaded the judges individual rules, and order | 0.30 | 135.00 | PL |
| | called Donal Magaliel Perez Molina and asked him ███████████████████. Tried calling Felipe Flores Nicolas, but he did not pick up left voicemail. Called Jesus Orellana and asked him ███████████████ . . tried calling Julio Penaranda Astudillobut he did not pick up. tried calling Marco Antonio Salvador Bernardino but he did not pick up, left a voicemail. Segundo Carlos Pala Yuicela picked up and asked him ███████████████████ asked GN if we can go ahead and ask DGR for a due diligence with what we have and GN said yes. go with what we have. | 1.00 | 450.00 | PL |
| Jan-29-21 | saved AOSs and emailed GN | 0.20 | 90.00 | PL |
| | emailed GN asking to confirm if he wants me to serve both RONALD E. DUARTE LOPEZ and ERIC R. HERMOSILLO individual defendants at the same address. | 0.10 | 45.00 | PL |
| Feb-01-21 | drafted the notice and tried downloading the issued summons, but it wotn dowlonload as a PDF, texted MM | 0.60 | 270.00 | PL |
| Feb-02-21 | texted GN re: serving individual defendants | 0.10 | 45.00 | PL |
| | sent  out email to DGR asking them to serve indvidual defendanrs | 0.20 | 90.00 | PL |

| Date | Description | Hours | Amount | |
|---|---|---|---|---|
| Feb-04-21 | dgr called re: service for John Kalafatis | 0.10 | 45.00 | PL |
| | dgr sent due dilg on eric and ronald, I emailed it to GN | 0.20 | 90.00 | PL |
| Feb-16-21 | filed the aos for Vasilios Pierrakeas and John Kalafatis, saved their AOS in the case file, emailed GN | 0.50 | 225.00 | PL |
| Feb-18-21 | emailed MF as per Gns request. Re: two individual defendants cannot be found | 0.30 | 135.00 | PL |
| Mar-02-21 | emailed MF back re: amend complaint | 0.10 | 45.00 | PL |
| Mar-05-21 | took defense counsel message | 0.10 | 45.00 | PL |
| Mar-15-21 | email opposing counsel re: sett | 0.10 | 35.00 | GN |
| Mar-17-21 | telephone call w/ cl re: sett | 0.30 | 105.00 | GN |
| | Totals | 12.10 | $4,770.00 | |

## DISBURSEMENTS

| Date | Description | Amount |
|---|---|---|
| | Filing Fee | 402.00 |
| Nov-21-19 | Process Server: Service on Skyline Restoration Inc. (Demand Letter + Complaint) | 50.00 |
| | Process Server: Service on Ronald Duarte (Demand Letter + Complaint) | 50.00 |
| | Process Server: Service on Vasilios Pierrakeas (Demand Letter + Complaint) | 50.00 |
| | Process Server: Service on Eric DOE (Demand Letter + Complaint) | 50.00 |
| Dec-31-19 | Process Server: Service on John Kalafatis (Demand Letter + Complaint) | 50.00 |
| Jan-29-21 | Process Server: Skyline Restoration Inc | 90.00 |
| Feb-08-21 | Process Server Vasilios Pierrakeas | 161.00 |
| Feb-09-21 | Process Server : John Kalafatis | 161.00 |
| | Totals | $1,064.00 |

**Total Fee & Disbursements**          **$5,834.00**

**Balance Now Due**                                                    **$5,834.00**