UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
DONAL MAGALIEL PEREZ MOLINA et al., :
*individually and on behalf of others similarly situated*, :
: 21-CV-647 (JMF)
Plaintiffs, :
: <u>ORDER APPROVING</u>
-v- : <u>SETTLEMENT</u>
:
SKYLINE RESTORATION INC. d/b/a SKYLINE :
RESTORATION, et al., :
:
Defendants. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    The appearing parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* ECF No. 27  By Order entered April 9, 2021, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).  *See* ECF No. 28.

    The Court, having reviewed the parties' letter, dated May 6, 2021, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' individual claims as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36.  Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").  Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

    In addition, Plaintiffs seek approval of $7,309.33 in attorney's fees and costs. *See* ECF No. 36, at 3.  Although the proposed award of attorney's fees is somewhat high, particularly relative to the amount of work that counsel has done in this matter, the Court sees no basis to deny approval on that basis where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award may based on an agreement between Plaintiffs and their attorneys. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the

plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). Additionally, courts in this Circuit typically approve attorneys' fees that range between 30% and 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, attorney's fees in the amount of one-third of the recovery is appropriate here.

Accordingly, the Court approves the settlement subject to the condition addressed above.

Plaintiffs have indicated an intent to dismiss their claims against Defendants Ronald Duarte and Eric Doe and to seek leave to file an amended complaint naming new defendants. *See* ECF No. 30.  **Plaintiffs shall seek leave to file any amended complaint no later than May 21, 2021**.

The Clerk of the Court is directed to terminate ECF No. 36.

SO ORDERED.

Dated: May 7, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge